[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a dissolution of marriage action tried before the court for the Judicial District of New Haven, Connecticut.
By stipulation, it is found that the parties were married on February 28, 1998 in West Haven, Connecticut. The court has jurisdiction based upon the residence of the parties in the state of Connecticut. The marriage of the parties has broken down irretrievably. There are two minor children issue of the marriage, John Matthew Dymarcik born November 18, 1993 and Mikala Alyn Dymarcik born September 30, 1998. No other children have been born to the parties.
The marriage of the parties is hereby dissolved. After CT Page 5225 consideration of the statutory criteria, the court awards joint legal custody of the minor children to the parties. The children's primary residence will be with the plaintiff mother. The mother shall consult with the defendant father with respect to issues including but not limited to the education, medical care, and activities of the children. The parties shall consult with respect to major decisions that will affect the life of the children. The plaintiff shall have final decision making authority in the event that the parties are not able to agree after consultation.
The defendant shall enjoy visitation with the minor children including but not limited to Wednesday evening from 6:00 p.m. to 8:30 p.m. and alternate weekends from Saturday at noon until Sunday at 3:00 p.m. The parties shall cooperate to the extent possible in advising each other as to any changes in scheduling which will interfere with the visitation orders. The plaintiff shall have the children each Christmas Eve, and the defendant shall have the children each Christmas Day from noon until 8:00 p.m. Similarly, the defendant shall have the children each Easter and Thanksgiving from noontime to 8:00 p.m., the intention being that both parties shall each enjoy the company of the children during these holidays. The parties shall alternate Memorial Day, the Fourth of July, Labor Day, and Halloween in alternating years beginning with the plaintiff mother having Memorial Day and Labor Day this year, and the defendant father shall have the Fourth of July and Halloween. The children shall spend Mother's Day each year with the plaintiff mother and Father's Day with the defendant father. The parties shall make such arrangements as are reasonable to allow each of the parties to have time with their children on the birthdays of the children. Each party shall enjoy two non-consecutive weeks with the minor children each summer. The parties shall confer on or before May 1st of each year as to the weeks that they will chose. Due to the date of this decision, the parties shall consult on or before June 1st as to determine the visitation for the summer of the year 2000.
Based upon the testimony provided, and the earning history and earning capacity of the defendant father, the defendant is ordered to pay child support in the amount of $115.00 per week. An arrearage is found in the amount of $2,200.00. Payments on said arrears are ordered in the amount of $23.00 per week.
The defendant father is ordered to maintain medical insurance for the benefit of the minor children as available through his employment at a reasonable cost. If he is unable to provide same, the plaintiff shall provide medical insurance for the benefit of the minor children as available through her employment at a reasonable cost. If said CT Page 5226 insurance is not available to either party, then the plaintiff shall be obligated to make application and protect the minor children through medical insurance under the "Husky Plan." Unreimbursed and/or uninsured medical expenses shall be payable in accordance with the child support guidelines. At the present time, the plaintiff would be responsible for payment of the first $100.00 for each child on an annual basis and in addition, 67% of the unreimbursed or uninsured expense after that. Conversely, the father would be obligated to pay 33% of any unreimbursed or uninsured expense.
In addition, the defendant shall be responsible for payment of 33% of the current child care cost which is presently $140.00 per week. All orders with respect to child support and arrearage are payable by means of an immediate wage withholding.
The court finds that it is reasonable that the defendant maintain life insurance for the benefit of the minor children in order to secure his child support obligation. . Based upon the testimony of Mr. Stephen Sarfati, it is found that the annual cost of $100,00.00 level term policy for a 20 year period would be anywhere from $180.00 to $313.00 per annum. The court finds this cost reasonable and orders the defendant to secure and maintain a level term policy in the amount of $100,000.00 for the benefit of the minor children, payable to the plaintiff as trustee for that purpose. That obligation shall last for so long as they are minors. Proof of the insurance policy shall be provided to the plaintiff on an annual basis.
Neither party shall receive or pay alimony.
The parties shall each retain such assets as are currently listed on their financial affidavits, and shall be responsible for the liabilities as listed on their respective financial affidavits.
___________________ Robaina, J.